# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| KIM WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-cv-00104-MSK |
| | ) | |
| v. | ) | Judge Krieger |
| | ) | |
| WILLIAMS, SCOTT & | ) | |
| ASSOCIATES, LLC., | ) | |
| and JOHN TODD WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE TO SERVE DEFENDANTS

NOW COMES the Plaintiff, KIM WAGNER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her Motion for Alternate Service to Serve Defendants, Plaintiff states as follows:

## I.      ISSUE PRESENTED

On January 17, 2012, Plaintiff filed her Complaint in this matter, alleging, *inter alia*, that Defendants violated the Fair Debt Collection Practices Act, (hereinafter "FDCPA"), relative to Defendants' attempts to collect a debt allegedly owed by Plaintiff. Plaintiff has been unable to serve Defendants despite multiple attempts to do so.

Defendant, WILLIAMS, SCOTT & ASSOCIATES, LLC, (hereinafter, "WSA"), previously listed its business address as 5960 Crooked Creek Road, NW, Norcross, Georgia 30092.[1] WSA has listed its registered address with the Georgia Secretary of State as 3340 Peachtree Road NE, Suite 1800, Atlanta GA 30326. (See Georgia Secretary

---

[1] This address was found by conducting a search on WSA via the search engine Accurint on September 11, 2011. The information obtained is not attached as an exhibit as it contains personal and potentially confidential identifying information of various third-parties. Said document shall be produced under seal upon request.

1

of State Corporation Search attached hereto as **Exhibit A**). Service could not be effectuated upon WSA at either of the aforesaid addresses as the first address was vacant and the second address was determined to be WSA's virtual office run by a company called Regus PLC, which could not accept service for WSA. (See correspondence from Plaintiff's process server to Plaintiff attached hereto as **Exhibit B** and see a copy of Affidavit of Process Server attached hereto collectively as **Exhibit C**).

On March 1, 2012, with leave of Court, Plaintiff issued a Subpoena to Regus PLC to ascertain information regarding an address at which Plaintiff could serve WSA. (See a true and exact copy of said Subpoena attached hereto as **Exhibit D**). The Subpoena response from Regus PLC merely revealed a P.O. Box address where service cannot be effectuated, and an address of 3275 Wyntree Drive, Norcross, GA 30071. (See a true and exact copy of said Subpoena Response attached hereto as **Exhibit E**).

The address of 3275 Wyntree Drive, Norcross, GA 30071 is the residential address of Defendant, JOHN TODD WILLIAMS, (hereinafter, "Williams").[2] Williams is listed as the Registered Agent for WSA. (**Exhibit A**). Williams further is the individual who registered WSA as a limited liability company with the State of Georgia. (See State of Georgia Limited Liability Company Annual Registration attached hereto as **Exhibit F**).

Despite Plaintiff having possession of three addresses at which to serve Defendants, Plaintiff has been unsuccessful in attempting to serve Defendants at all of the foregoing addresses. For the reasons delineated below, Plaintiff now seeks leave of

---

[2] This address was found by conducting a search on Williams via the search engine Accurint on September 12, 2011. The information obtained is not attached as an exhibit as it contains personal and potentially confidential identifying information of various third-parties. Said document shall be produced under seal upon request.

Court to serve Defendants via an alternative method so that Plaintiff may continue to prosecute her case against Defendants.

First, multiple attempts to serve WSA at its putative registered business addresses have been unsuccessful. (**Exhibit B** and see a copy of Affidavit of Process Server attached hereto collectively as **Exhibit C**). Service was attempted at Defendant's previously listed business address of 5960 Crooked Creek Road, NW, Norcross, Georgia 30092 on January 30, 2012. (**Exhibit C**). Service could not be effectuated upon WSA at the aforesaid address as the office was vacant. (**Exhibit C**). Service was also attempted on February 27, 2012, at WSA's business address registered with the Secretary of State, 3340 Peachtree Road NE, Suite 1800, Atlanta GA 30326. (**Exhibit A**). Again, service of process could not be effectuated as the address was the location of a company called Regus PLC, which could not accept service on behalf of WSA as it was merely acting as WSA's "virtual office." (**Exhibit B**). Plaintiff is left with no alternative addresses at which it can serve WSA.

Second, Plaintiff attempted to serve both Defendants at the residential home address of Williams. The residential address of 3275 Wyntree Drive, Norcross, GA 30071, was confirmed to be Williams' residential address when Plaintiff received her Subpoena response from Regus, PLC. (**Exhibit E**). Nonetheless, service cannot be effectuated on either Defendant at the aforesaid address. On February 1, 2012, service was attempted at the aforesaid address. However, service could not be effectuated as Plaintiff's process was told by the person who answered the door that Williams owned the residence but he did not live there. The person who answered the door claimed to

lease the house from Williams. (See a copy of Affidavit of Process Server attached hereto collectively as **Exhibit G**).

Plaintiff's process server has exhausted all possible avenues to attempt to serve Defendants at all possible known addresses associated with Defendants. As delineated above, Plaintiff has attempted to serve process on Defendants at three (3) different locations and on multiple occasions. As Plaintiff's attempts to personally serve Defendants have been unsuccessful, Plaintiff is requesting that this Honorable Court grant an Order permitting service on Defendants by certified mail, return receipt requested.

## II.      LEGAL AUTHORITY

The Federal Rules of Civil Procedure dictate how service of process is to be made in a federal question case. This case arises under a federal question, relating to the FDCPA. However, the Federal Rules of Civil Procedure permit service of process, in some cases, to be carried out in the manner prescribed by the state law in which the Court sits. Thus, this Court can look to the Colorado Rules of Civil Procedure to determine the method Plaintiff may use to serve process on Defendants. Under the Colorado Rules of Civil Procedure, Courts have the discretion to allow process to be served in alternate methods.

### A.      Federal Rules of Civil Procedure

The Plaintiff has attempted to serve process on Defendants on multiple occasions and multiple locations. Plaintiff in her attempts at service has complied with the Federal Rules of Civil Procedure. Pursuant to Rule 4(e)(1) service of process on an individual may be effectuated pursuant to state law for service of summons in the state in which the

4

district court is located or where service is made. Plaintiff, in her attempts to serve Williams has complied with the Colorado Rules of Civil Procedure.

Moreover, Plaintiff in her attempts at service upon WSA has complied with Federal Rules of Civil Procedure 4(h)(1)(A) and 4(h)(1)(B). Pursuant to Rule 4(h)(1)(A), an association can be served in the manner prescribed by Rule 4(e)(1) for service of process on individuals. Pursuant to Rule 4(e)(1), service may be effectuated pursuant to state law for service of summons in the state in which the district court is located. Pursuant to Rule 4(h)(1)(B), an association can be served by delivering a copy of the Summons and Complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. In this matter, Williams is the agent authorized by law to receive service of process. (**Exhibit A**). Accordingly, service of process upon Williams shall suffice to serve both Defendants in this matter so long as service is effectuated in accordance with the Colorado Rules of Civil Procedure.

### B. Colorado Rules of Civil Procedure

In Colorado, personal service upon an individual, such as Williams, is subject to the requirements set forth in C.R.C.P. 4(e)(1). Pursuant to the aforesaid statute, service upon an individual can be made by delivering a copy of the summons and complaint to the defendant personally or by leaving a copy at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a personal authorized by appointment or by law to receive service of process.

As delineated above, Plaintiff has attempted to serve Williams personally at his residential address, but has been unable to do so as Williams leases his residence to third-parties who are not members of Williams' family or workplace. Thus, service is impractical under the aforesaid section. Yet, pursuant to C.R.C.P. 4(f), if service under C.R.C.P. 4 cannot be accomplished and service by publication or mail is not otherwise permitted, a party may filed a motion, supported by an Affidavit, of the individual attempting service, for an order for substituted service. In this matter, service by publication or mail is not permitted under C.R.C.P. 4(g). As a result, Plaintiff is bringing this motion pursuant to C.R.C.P. 4(f) for substituted service and has attached an Affidavit of Plaintiff's attorney, Larry P. Smith to this motion. (See Affidavit of Attorney Larry P. Smith attached hereto as **Exhibit H**).

Plaintiff requests, pursuant to C.R.C.P. 4(f)., that this Court enter an order permitting Plaintiff to serve Williams via certified mail, return receipt requested to Williams' last known residential address, 3275 Wyntree Drive, Norcross, GA 30071. Williams will not be prejudiced if service of process is effectuated in the aforesaid manner as such method is highly likely to apprise Williams of this action.

In Colorado, personal service upon a limited liability company, such as WSA, is subject to the requirements set forth in C.R.C.P. 4(e)(4). Pursuant to the aforesaid statute, service upon a limited liability company can be made by delivering a copy of the summons and complaint to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of Colorado or any other jurisdiction. Williams is the registered agent of WSA, thus service upon Williams is sufficient to simultaneously serve as service of process upon WSA. (**Exhibit A**).

As delineated above, Plaintiff requests, pursuant to C.R.C.P. 4(f)., that this Court enter an order permitting Plaintiff to serve WSA, via Williams its registered agent, via certified mail, return receipt requested to Williams' last known residential address, 3275 Wyntree Drive, Norcross, GA 30071. WSA will not be prejudiced if service of process is effectuated in the aforesaid manner as such method is highly likely to apprise WSA of this action.

III.   CONCLUSION

Plaintiff has been diligent in her attempts to serve Defendants at multiple locations and on multiple occasions. Plaintiff will be extremely prejudiced if Plaintiff's Motion for Alternate Service is denied. Defendants will not be prejudiced if the aforesaid motion is granted. For the foregoing reasons, the Plaintiff submits that her Motion for Alternate Service should be granted. Presently, a Status Conference is set for March 23, 2012, at 9:30 a.m. (Doc. 13). Given that Plaintiff has not been able to serve Defendants in this matter, Plaintiff requests that the Status Conference be continued to a date subsequent to the service of process upon Defendants.

WHEREFORE, Plaintiff, KIM WAGNER, respectfully requests that this Honorable Court enter an order granting Plaintiff's Motion for Alternate Service and continuing the Status Conference set for March 23, 2012, to a date subsequent to the service of process upon Defendants.

    Respectfully submitted,
    **KIM WAGNER**

    By:   s/ Larry P. Smith
        Attorney for Plaintiff

Dated: March 12, 2012

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:        lsmith@smithlaw.us