IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00104-MSK-MJW

KIM WAGNER,

Plaintiff(s),

v.

WILLIAMS, SCOTT & ASSOCIATES LLC, and
JOHN TODD WILLIAMS,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE TO SERVE DEFENDANTS
(DOCKET NO. 14)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Alternative Service to Serve Defendants (docket no. 14). The court has reviewed the subject motion (docket no. 14) and has taken judicial notice of the court file. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter of this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

    3.    That each party has been given a fair and adequate opportunity to be heard;

4. That this is a Fair Debt Collection Practices Act ("FDCPA") case;

5. That pursuant to Fed. R. Civ. P. 4(e)(1), service may be effectuated pursuant to state law for service of summons in the state in which the district court is located. In addition, Fed. R. Civ. P. 4(h)(1)(B) states that an association can be served by delivering a copy of the Summons and Complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

6. That Defendant John Todd Williams is the listed Registered Agent for the Co-Defendant Williams, Scott & Associates, LLC. See exhibits A and F attached to the subject motion;

7. That under Colorado law, personal service upon an individual is subject to the requirements outlined in Colorado Rule of Civil Procedure ("C.R.C.P.") 4(e)(1);

8. That C.R.C.P. 4(e)(1) **Personal Service** states:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

C.R.C.P. 4(e)(1);

9. That C.R.C.P. 4(f) **Substituted Service** states:

3

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
>> (1) authorize delivery to be made to the person deemed appropriate for service, and
>>
>> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

C.R.C.P. 4(f); and

10. That Plaintiff has demonstrated "due diligence" in her attempts to serve both defendants, and further attempts to obtain service under C.R.C.P. 4(e)(1) would be to no avail. Defendant John Todd Williams is the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice all defendants. See exhibits A through H, inclusive, attached to the subject motion.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Alternative Service to Serve Defendants (docket no. 14) is **GRANTED**;

2. That Plaintiff is granted leave to effectuate service on Defendants Williams, Scott & Associates, LLC, and John Todd Williams by sending the Summons and Complaint via certified mail, return receipt requested, to the following addresses: (1) 3275 Wyntree Drive, Norcross, Georgia 30071, (2) 3340 Peachtree Road NE, Suite 1800, Atlanta, Georgia 30326, (3) P.O. Box 18804, Atlanta, Georgia 31126, and (4) 5960 Crooked Creek Road, NW, Norcross, Georgia 80092;

3. That Plaintiff shall forthwith serve Defendants Williams, Scott & Associates, LLC, and John Todd Williams via certified mail, return receipt requested, and file returns of service with the court;

4. That the Status Conference set before Magistrate Judge Watanabe on **March 23, 2012, at 9:30 a.m. is VACATED**. A Rule 16 Scheduling Conference is set before Magistrate Judge Watanabe on **April 25, 2012, at 10:00 a.m.** The parties shall file their proposed Rule 16 Scheduling Order with the court five days prior to

5

the Rule 16 Scheduling Conference.  Plaintiff shall provide notice of

the Rule 16 Scheduling Conference to all Defendants.

Done this 14th day of March 2012.

                                    BY THE COURT

                                  <u>s/Michael J. Watanabe</u>
                                  MICHAEL J. WATANABE
                                  U.S. MAGISTRATE JUDGE