IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00104-MSK-MJW

KIM WAGNER,

Plaintiff,

v.

WILLIAMS, SCOTT & ASSOCIATES, LLC., and
JOHN TODD WILLIAMS,

Defendants.

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## (DOCKET NO. 37)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Default Judgment (Docket No. 37). The court has reviewed the subject motion and the exhibits attached thereto. Defendants Williams, Scott & Associates, Inc. and John Todd Williams have not filed any response to the subject motion. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. Furthermore, the court had considered the testimony and credibility of plaintiff Kim Wagner and plaintiff's fiancé, Jason Helmick. The court has also considered plaintiff's Exhibit 1, an audio recording of a voicemail message. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given fair and adequate opportunity to be heard;

4. That a hearing was held on Plaintiff's Motion for Default Judgment (Docket No. 37) before Magistrate Judge Watanabe on August 1, 2012, consistent with Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983) and Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985);

5. That defendants Williams, Scott & Associates, Inc. and John Todd Williams failed to appear for this hearing even though they were given proper notice of the hearing.  See minute order (Docket No. 39);

6. That defendant Williams, Scott & Associates, Inc. was served with a copy of the summons and complaint on March 19, 2012.  See Docket No. 18.  Defendant John Todd Williams was served with a copy of the summons and complaint on March 19, 2012.  See Docket No. 17.  Both defendants have failed to answer or otherwise respond to the complaint, and therefore both defendants have admitted the factual allegations in the complaint.  See Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996);

7. That the Clerk of the Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against both defendants on April 24, 2012.  See Docket No. 32;

8. That defendants Williams, Scott & Associates, Inc. and John Todd Williams are

   not infants or incompetent, officers or agents of the State or Colorado, or in the military service;

9. That per the subject motion, plaintiff is seeking statutory damages in the amount of $1,000.00 and actual damages in the amount of $5,000.00, pursuant to 15 U.S.C. § 1692k(a);

10. That to determine the amount of liability under 15 U.S.C. § 1692k(a), the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collect, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1);

11. That per the subject motion, plaintiff is seeking $4,005.50 in attorney's fees and $592.40 in costs, and leave to file a supplemental petition for fees and costs incurred in the prosecution of this matter subsequent to May 23, 2012;

12. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable. <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996;

13. As to statutory and actual damages, the court has considered the factors under 15 U.S.C. § 1692k(b)(1). Plaintiff testified that she had been contacted by defendants ten to fifteen times between September and December of 2011. Contact did not cease until plaintiff hired an attorney. The messages left by

        defendants, as evidenced by plaintiff's Exhibit 1, insinuated that plaintiff was being investigated by the FBI for check fraud and a criminal case had been filed against plaintiff in Adams County. Plaintiff testified that she had never been accused of check fraud and no such case existed in Adams County. Plaintiff could not identify what debt defendants could have been attempting to collect. When plaintiff contacted defendants, plaintiff was not provided with any detail as to the debt owed, other than a demand for payment of $900.00;

14. Further, plaintiff testified as to the effect defendants' calls had on her. Plaintiff testified that she felt horrible and was frightened by the possibility of a check fraud investigation and possible arrest. Plaintiff testified that she had trouble sleeping and eating as a result. Plaintiff saw a doctor regarding these issues and was prescribed blood pressure medication, anti-depression medication, anti-anxiety medication, and sleeping pills. In addition, defendants' call caused plaintiff's fiancé Jason Helmick, and his mother, to question plaintiff's trustworthiness. Mr. Helmick testified that he started to distrust plaintiff after he heard the message left by defendants and thought about throwing plaintiff out of the house;

15. Defendants contacted plaintiff ten to fifteen times. Defendants were noncompliant with the Fair Debt Collection Practices Act, including noncompliance with sections 1692d, 1692e, and 1692g. Finally, plaintiff clearly suffered several negative effects from defendants' actions. Based on the relevant factors and the evidence presented, the court finds that plaintiff is entitled to $1,000.00 in statutory damages and $2,500.00 in actual damages;

16. As to costs and attorney's fees, the court has considered those factors as outlined in <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.3d 364 (10th Cir. 1984), <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 498 U.S. 87 (1989).  Taking these factors into consideration, this court finds that the hourly rates charged and the time spent by plaintiff's attorney are fair and reasonable hourly rates.  The court finds that the sum of $4,005.50 in attorney's fees and $592.40 in costs is fair, reasonable, and necessary for prosecuting this case.  Further, the court finds that is reasonable to allow plaintiff to submit a supplemental petition for attorney's fees and costs incurred subsequent to May 23, 2012.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Plaintiff's Motion for Default Judgment (Docket No. 37) be GRANTED;

2. That default judgment enter in favor of plaintiff Kim Wagner and against defendants Williams, Scott & Associates, Inc. and John Todd Williams, jointly and severally, in the statutory amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the actual amount of $2,500.00 pursuant to 15 U.S.C. § 1692k(a)(1), plus reasonable attorney's fees in the amount of $4,005.50 and court costs in the amount of $592.40 pursuant to 15 U.S.C. § 1692k(a)(3) to be taxed by the Clerk of the Court consistent with Fed. R.

        Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Judge Krieger until the judgment is fully paid; and

3.    That plaintiff shall be granted twenty-one (21) days from the date of judgment to file a supplemental petition for attorney's fees and costs incurred in the prosecution of this matter subsequent to May 23, 2012.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  August 3, 2012                s/ Michael J. Watanabe
       Denver, Colorado            Michael J. Watanabe
                                        United States Magistrate Judge