IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-00104-MSK-MJW

KIM WAGNER,

      Plaintiff,

v.

WILLIAMS, SCOTT & ASSOCIATES, LLC; and
JOHN TODD WILLIAMS,

      Defendants.

## OPINION AND ORDER DECLINING TO ADOPT RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT AND DENYING MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#43**) to grant the Plaintiff's Motion for Default Judgment (**#37**). Also pending before the Court is the Plaintiff's Supplemental Motion for Attorney Fees (**#44**). Having considered the recommendation and motion for fees, the Court now **FINDS** and **CONCLUDES** as follows.

### I. Jurisdiction

The Plaintiff, Kim Wagner, has invoked federal jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. The Court will address the sufficiency of its jurisdiction as part of this opinion. *See Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) (district court has jurisdiction to determine its jurisdiction).

### II. Background

Ms. Wagner, filed this action against the Defendants, Williams, Scott & Associates, and John Todd Williams, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15

1

U.S.C. § 1692, *et seq*. According to Ms. Wagner, Mr. Williams is a debt collector residing in Georgia, and Williams, Scott & Associates (WSA) is a debt collection business and a limited liability company registered in Georgia. Mr. Williams is registered with the Georgia Secretary of State as an agent of WSA.

After filing her Complaint, Ms. Wagner attempted to serve the Defendants personally at various locations in Georgia. But personal service proved unsuccessful. A business address listed for WSA was found to be a vacant building, and a residential address listed for Mr. Williams was found to be a rental property (the tenants told the process server that Mr. Williams owned the property, but did not live there). A process server also attempted to serve the Defendants at 3340 Peachtree Road in Atlanta, which was the address the Defendants had registered with the Georgia Secretary of State. There, the process server was told that the location was "Defendants' virtual office," which was run by a company called Regus PLC. Regus PLC was not authorized to receive service on behalf of the Defendants, but it did provide Ms. Wagner with a P.O. Box address for Mr. Williams.

Thereafter, Ms. Wagner filed a Motion for Alternate Service to Serve Defendants (**#14**). Relying on Rule 4(e)(1), and Colorado Rule 4(f), Ms. Wagner requested an order allowing her to serve the Defendants by certified mail, return receipt requested, at Mr. William's last known residential address.

The Magistrate Judge granted Ms. Wagner's motion. The Judge granted her leave to effectuate service on the Defendants by sending the Summons and Complaint via certified mail, return receipt requested, to the all of the known addresses for WSA and Mr. Williams.

About one month later, Ms. Wagner filed a filed a Summons Return Executed (**#17, 18**) as to both Defendants at 3340 Peachtree Road. After the Defendants failed to respond, Ms.

Wagner moved for entry of default judgment. The Magistrate Judge reviewed the motion and recommended that default judgment be entered in favor of Ms. Wagner.

### III.  Standard of Review and Issue Presented

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When no party files objections to a recommendation, the court has discretion to review the recommendation under whichever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, no party objected to the Recommendation, but the Court will review it under the otherwise applicable *de novo* standard of review. Thus, the issue to be decided is whether Ms. Wagner's motion for default judgment should be granted under Fed. R. Civ. P. 55.

### IV.  Analysis

When a plaintiff seeks default judgment against a defendant who fails to plead or otherwise defend, a court has an affirmative duty to determine whether jurisdiction exists over both the subject matter and the parties. *Dennis Garberg*, 115 F.3d at 771; *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the parties). Service of process under Rule 4 provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the party served. *Oklahoma Radio Assocs. V. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

Rule 4 permits service of a summons and complaint upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The same method may be used to serve an association. Fed. R. Civ. P. 4(h)(1)(A).

Colorado Rule 4(e) describes how a party may accomplish personal service in a state action. The Colorado Rules also provide a means for substituted service:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. . . . If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstance and reasonable calculated to give actual notice to the party upon whom service is to be effective it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Colorado Rule 4(g) states that "[e]xcept as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property status or other proceedings in rem."

Here, after numerous attempts to serve the Defendants personally, Ms. Wagner sought to serve the Defendants by certified mail under Colorado's "substituted service" provision. The plain language of that rule, however, states that it applies when a party seeks to serve a substituted *person* on behalf of the opposing party. *See Willhite v. Rodriguez-Cera*, 274 P.3d

4

1233, 1240 (Colo. 2012).  The rule does not provide authority for alternative methods of service when a party simply cannot effectuate personal service under Rule 4(e).  The language of Colorado Rule 4(g) supports this conclusion where it states that service by mail shall be allowed *only* in specific proceedings.  The Court therefore concludes that it lacked authority to allow Ms. Wagner to serve the Defendants by certified mail.  As a result, the Court concludes that service was insufficient and personal jurisdiction over the Defendants has not been established.  Thus, default judgment cannot be entered at this time.

### V.  Conclusion

For the forgoing reasons, the Court (1) **DECLINES** to adopt the Recommendation (**#43**) pending establishment of personal jurisdiction over the Defendants, (2) **DENIES** the Motion for Default Judgment (**#37**), and (3) **DENIES** the Supplemental Motion for Attorney Fees (**#44**) as premature.  The Court grants Ms. Wagner 30 days from the date of this order to properly serve the Defendants and file evidence of such service.  If Ms. Wagner fails to file sufficient proof of service within that time, the case will be dismissed without prejudice.

Dated this 6th day of November, 2012.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

5